OPINION
{¶ 1} Plaintiff, the State of Ohio ("state"), appeals from the judgment of the Franklin County Court of Common Pleas finding defendant was not a sexual predator. For the following reasons, we reverse and remand
 {¶ 2} On May 31, 2002, defendant was indicted on four counts of rape and six counts of gross sexual imposition. All of the rape counts alleged that defendant raped his stepdaughter ("victim") by engaging in cunnilingus[1] One of the rape counts was alleged to have occurred when the victim was 11 years old, during the period from January 1, 2002 through March 1, 2002. The remaining three rape counts were alleged to have occurred during the period from January 1, 1999 through March 1, 2002, when the victim was between eight and 11 years old. Three of the rape counts also alleged defendant engaged in the acts with force or threat of force. All six counts of gross sexual imposition alleged defendant engaged in the acts during the period from January 1, 1999 through March 1, 2002.
 {¶ 3} On November 18, 2002, defendant pled guilty to all four counts of rape with the force allegations removed. The remaining gross sexual imposition counts were dismissed in exchange for defendant's plea. The court ordered a pre-sentence investigation ("PSI") and set sentencing for January 10, 2003. The sealed PSI detailed the offenses for which defendant was charged. It states, in pertinent part, the following:
On 5/1/02 Children's Services reported to Columbus Police that the defendant had been molesting his 11-year-old step-daughter, * * *. Detectives interviewed the defendant's wife who had confronted him and he admitted to performing oral sex on [her]. He admitted to doing this on several occasions since the victim was about 8 years old. She stated the defendant was "ashamed" and "unable to live with what he had done." She explained that her daughter had reportedly been blackmailing the defendant, asking for money and favors to keep the incidents a secret. Detectives interviewed the defendant who openly admitted to molesting the victim. He stated that the incidents started with touching the victim's vaginal area over her panties. This escalated into touching her vaginal area underneath her clothing and then to performing oral sex on her. The defendant stated the victim was asking for excessive favors and money in return for not telling. The defendant admitted that the actions were wrong, but stated that many of the contacts were at the request of the victim. Detectives interviewed [the victim], who confirmed the sexual activity over the past three years. She stated the defendant threatened her in an attempt to keep the relationship a secret.
 {¶ 4} The PSI also indicated the victim had psychological problems as a result of the abuse. The court sentenced defendant to five years for each of the four rape counts, to run concurrently with each other. The court also found defendant to be a sexually oriented offender and not a sexual predator under R.C. 2950.09(B)(2).
 {¶ 5} During the sexual predator hearing, the state questioned Columbus Police Detective Brian Sheline ("detective") about an incident of abuse in which defendant approached the victim in the bathroom. The detective described the victim's version of events, that defendant told the victim to bend over and then inserted his penis into her private part. The court did not allow this testimony stating:
Just one second. I have a problem with this testimony. And the reason I have a problem with this testimony is, it's totally inconsistent with the plea. It's totally inconsistent with the findings in the presentence investigation. Now you've added some factual matters that have never been presented to the court in any form whatsoever. * * *
(Tr. at 17.)
Therefore, the trial court did not consider this allegation in determining whether defendant was a sexual predator.
 {¶ 6} The state ("appellant") asserts the following assignments of error in the instant appeal:
1. The trial court abused its discretion in concluding that the defendant was only a sexually oriented offender when the court was operating under an erroneous understanding of the facts and when the court disregarded a demonstrated pattern of abuse.
2. The trial court abused its discretion in excluding and disregarding probative evidence of a demonstrated pattern of abuse.
 {¶ 7} Initially, we articulate the proper standard of review in this case. The state argues the trial court abused its discretion in classifying defendant as a sexually oriented offender and not a sexual predator. However, abuse of discretion is not the proper standard of review as articulated in State v.Morrison (Sept. 20, 2001), Franklin App. No. 01AP-66.
 {¶ 8} In Morrison, this court discussed the proper standard of review for sexual predator determinations in light of Statev. Cook (1998), 83 Ohio St.3d 404. In Cook, the Supreme Court of Ohio concluded that in contrast to a formal criminal trial, the rules of evidence would be relaxed in a sexual predator hearing to permit admission of reliable hearsay such as a victim impact statement or pre-sentence report. Id. at 425. Subsequently, a few districts determined that a civil standard of review applied and, if competent credible evidence exists to support the trial court's determination, it will not be reversed as being against the manifest weight. State v. Smith (Jan. 2, 2002), Morrow App. No. CA-921; State v. Hunter (2001),144 Ohio App.3d 116.[2] To the contrary, this court in Morrison,
supra, found that because predator hearings "necessarily arise in the context of an antecedent criminal conviction, and are largely concerned with an assessment of past criminal conduct by a defendant and his potential for future criminal conduct," it determined the criminal standard of review of manifest weight and sufficiency of the evidence was appropriate. Morrison, supra; see, generally, State v. Baron, Cuyahoga App. No. 80712, 2002-Ohio-4588 (applying criminal manifest weight of the evidence standard of review); State v. Bolin (June 15, 2001), Montgomery App. No. 18605.
 {¶ 9} In determining whether a criminal conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether the jury clearly lost its way in resolving conflicting evidence and created such a manifest miscarriage of justice that the conviction must be reversed. Morrison, supra, quoting State v.Thompkins (1997), 78 Ohio St.3d 380, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. With respect to sufficiency of the evidence, sufficiency is a test of adequacy, whether the evidence is sufficient to sustain a verdict as a matter of law.Thompkins, supra.
 {¶ 10} In the first assignment of error, the state maintains the trial court made the determination based on an erroneous understanding of the facts and its failure to consider a demonstrated pattern of abuse. Included in this assignment of error is the trial court's exclusion of the detective's testimony regarding an alleged incident of abuse. For the reasons set forth below, we find the trial court's determination that defendant is not a sexual predator to be against the manifest weight of the evidence.
 {¶ 11} R.C. 2950.01(E) defines a sexual predator as one who has been convicted of or pleaded guilty to committing a sexually oriented offense "and is likely to engage in the future in one or more sexually oriented offenses." The state must demonstrate a defendant's future propensity to re-offend by clear and convincing evidence. R.C. 2950.09(B)(4); State v. Barnes,
Franklin App. No. 02AP-275, 2003-Ohio-86. Clear and convincing evidence is that measure or degree of proof that produces in the trier of facts' mind a firm belief as to the allegations sought to be established. Morrison, supra. It is intermediate, meaning more than a mere preponderance, but not to the extent of certainty as beyond a reasonable doubt. Id.
 {¶ 12} In determining whether the state has proved, by clear and convincing evidence, that an offender is a sexual predator, the trial court is required to consider all relevant factors including. but not limited to, the factors listed in R.C.2950.09(B)(3). Those factors include:
(a) The offender's * * * age;
(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
(d) Whether the sexually oriented offense * * * involved multiple victims;
(e) Whether the offender * * * used drugs or alcohol to impair the victim * * * or to prevent the victim from resisting;
(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense * * * and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender * * *;
(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender * * * during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct.
 {¶ 13} There is neither a minimum nor maximum number of factors that must be present. Barnes, supra. Even if only one or two factors are present, the trial court may classify the defendant as a sexual predator as long as there is clear and convincing evidence the defendant is likely to re-offend. Id.
 {¶ 14} A demonstrated pattern of abuse is highly probative in determining whether an individual is likely to re-offend. InState v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, the defendant was classified as a sexual predator. The stipulated evidence showed that during a two-week period, the defendant inserted his finger into the victim's vagina (who was less than 13 years old), performed cunnilingus, and had sexual contact with her on at least three occasions. This court upheld the trial court's determination. The court stated that when contact occurs on several occasions over a period of time, it is likely the defendant will have a similar compulsion in the future to commit those types of sexual offenses. Id; State v. Ivery (May 23, 2000), Franklin App. No. 99AP-628 (the commission of multiple sex offenses over a period of time can show that defendant has a compulsion and that he or she will likely have a compulsion in the future); State v. Leonard (June 21, 2001), Franklin App. No. 00AP-1229.
 {¶ 15} Further, when the victim involved is a young child, there is a high likelihood that a defendant will re-offend.State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830. In Daniels, the defendant was indicted on two counts of gross sexual imposition with a four-year-old girl. The defendant pled guilty to one count of gross sexual imposition as a fourth degree felony. In finding defendant a sexual predator, the trial court specifically relied on two factors, the age of the victim and the fact that defendant had failed to complete counseling as part of his shock probation.[3]
 {¶ 16} The court discussed the statute's registration requirements and the legislature's specific inclusion of the age of the victim as a factor. The court stated:
The legislature thus acknowledged, as have a multitude of courts, the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. * * * The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
Daniels, supra.
 {¶ 17} State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597 (defendant's "repeated acts of sexual misconduct against an eight-year-old girl [defendant's granddaughter] show his willingness to exploit persons who are relatively defenseless and indicate a strong danger that [he] will seek to exploit similarly defenseless children in the future"). This court has upheld sexual predator determinations when the facts demonstrate repeated occasions of abuse with a single victim. Id; Leonard;Bartis, supra. Further, courts consider whether the offender occupies a position of trust or authority over the victim. Statev. Carter (Aug. 9, 2001), Franklin App. No. 00AP-1365 ("[a]ppellant's taking advantage of this position of trust is another factor in support of the sexual predator finding.");State v. Bedinghaus (July 31, 1998), Hamilton App. No. C-970833 ("[t]he age of the victim, the familial relationship, and the well-defined pattern of sexual abuse easily support the sexual-predator determination"); State v. Unrue, Summit App. No. 21105, 2002-Ohio-7002 (considering fact that offender was a friend of the victim's father occupying a position of trust over victim); State v. Rivera (Apr. 11, 2002), Cuyahoga App. No. 79843 (considering as one factor that offender occupied a position of trust as 13-year-old victim's stepfather). (Emphasis omitted.)
 {¶ 18} We also note several misstatements made by the trial court during the course of proceedings in this case. For example, at the sentencing hearing on January 23, 2002, the trial court stated it was imposing "the maximum sentence of five years in this case." (Tr. at 13.) The maximum sentence was in fact 10 years because the offenses were felonies of the first degree. Appellant pointed out this error. The trial court corrected itself stating "I'm sorry. I apologize. I thought we had F-3's." (Tr. at 14.) The trial court stated its notes were incorrect. During the subsequent sexual predator hearing conducted immediately after sentencing, the court referenced two instances of oral sex, instead of four, on two separate occasions. At one point, the court stated "[t]he presentence investigation says there may be two occurrences of oral sex which he touched her vagina with his mouth." (Tr. at 17.) In fact, the PSI indicates "several" occasions of oral sex with four counts of rape, to which defendant pled guilty. The court later stated "what he did was committed at least two F-1 rape offenses." (Tr. at 23.)
 {¶ 19} In this case, we find substantial evidence of a demonstrated pattern of abuse. R.C. 2509.09(B)(3)(g). The PSI indicates defendant admitted to his wife that he had been sexually abusing the victim since she was eight years old. Defendant was charged with 10 counts of sexual offenses and pled guilty to four counts of rape. Defendant admitted the incidents started with touching the victim's vaginal area over her panties and escalated to touching her vaginal area underneath her clothing and then performing oral sex on her. We find that the admitted sexual abuse occurring multiple times over a three-year period sufficiently establishes a pattern of abuse. This pattern, combined with the victim's age, the fact that defendant was the victim's stepfather, and the victim's statement reflected in the PSI that defendant threatened her to keep the abuse a secret, all militate toward a sexual predator finding.
 {¶ 20} In the second assignment of error, the state contends the trial court abused its discretion in excluding and disregarding probative evidence of a demonstrated pattern of abuse. As stated previously, the trial court excluded the testimony of the detective regarding an uncharged specific instance of sexual abuse that occurred between defendant and the victim in the bathroom. At the sexual predator hearing, the detective testified to the following:
She described the abuse. First incident of abuse is her being in a bathroom being approached by Larry; Larry coming in and telling her to bend over. She indicated that he put his private part into her butt.
(Tr. at 17.)
 {¶ 21} Thereafter, the trial court prohibited the prosecutor's inquiry into this incident. The trial court found that it was not fair for the prosecution "to bring up something that's totally unrelated to the plea" and inconsistent with the findings in the presentence investigation. Appellant stated "the State just wants to make a record for the purposes of the sexual predator hearing." Id. Further:
THE COURT: You can make a record, but it's not fair to bring up something that's totally unrelated to the plea. The presentence investigation says there may be two occurrences of oral sex which he touched her vagina with his mouth. That's the factual information that the plea was entered into and that's the factual information I have to take into consideration in sentencing. And now you're bringing up something totally unrelated. Am I supposed to consider this factually for purposes of the sexual predator hearing but I'm not supposed to consider it for sentencing or anything else.
THE STATE: I apologize, Your Honor. I will ask the questions that relate to the interview that he conducted with the defendant that are contained in the presentence investigation.
(Tr. at 17-18.)
 {¶ 22} Appellant did not specifically object to the trial court's exclusion of this testimony. Generally, the failure to object constitutes a waiver of any challenge on appeal absent plain error. State v. Hairston (Oct. 18, 2001), Franklin App. No. 01AP-299. Plain error does not exist unless appellant establishes that the outcome of the proceeding would have been different but for the exclusion of evidence. Id. Notice of plain error is to be taken with utmost caution, only to prevent a manifest miscarriage of justice. State v. Jackson, Franklin App. No. 02AP-867, 2003-Ohio-6183.[4]
 {¶ 23} As stated, the statute requires courts to examine all relevant factors. R.C. 2950.09(B)(3). Because the sexual predator hearing is to determine the defendant's status, the Ohio Rules of Evidence do not strictly apply. Barnes; Cook, supra. "Thus, at a determination hearing, the trial court is authorized to entertain items of evidence that would otherwise be barred as inadmissible, such as reliable hearsay." (Emphasis omitted.)Barnes, supra, at ¶ 43; Baron, supra at ¶ 12 ("[a]s long as the evidence sought to be admitted meets the minimum standard of `reliable hearsay,' the evidence is admissible"); Cook, supra (trial court may use reliable hearsay such as a pre-sentence report or victim impact statement). Hearsay is reliable when it bears sufficient indicia of reliability to support its probable accuracy or there is a reasonable probability that it is true.Barnes, supra.
 {¶ 24} This and several other appellate courts have found that evidence or statements that the defendant committed other uncharged sexual acts is admissible at a sexual predator hearing.Leonard; Baron, supra; State v. Bolser, Butler App. No. CA2002-02-034, 2003-Ohio-1231 (statement by offender's sister to police in 1978 that offender had raped her when she was 10 years old was admissible); Bedinghaus, supra (stating that trial court was free to weigh evidence of defendant's admission to police that he molested his biological daughter even though he was never charged); State v. Pryce (June 28, 2000), Summit App. No. 19888 (considering allegations of uncharged sexual abuse contained in pre-sentence report that were unrelated to the current charges).
 {¶ 25} We need not rule on whether the trial court's exclusion was "plain error" as we reverse and remand for rehearing because the trial court's classification of defendant as only a sexually oriented offender is against the manifest weight of the evidence. However, because the incident giving rise to the convictions were disclosed during the same interview, the detective's testimony reciting the victim's statement about the bathroom incident constitutes reliable hearsay. The PSI indicates defendant admitted to his wife that he had been sexually abusing the victim since she was about eight years old. Defendant admitted the incidents started with touching the victim's vaginal area over her panties and escalated to touching her vaginal area underneath her clothing and then performing oral sex on her.
 {¶ 26} The issue in a sexual predator hearing is whether the sex offender has a propensity to commit one or more offenses in the future. The trial court must consider all relevant and reliable evidence to make this determination. This may include consideration of evidence of uncharged sexual acts, notwithstanding the fact that those acts are not part of the plea bargain or included in the indictment. Therefore, the detective's testimony should have been admitted. However, since we reverse based on the first assignment of error, the second assignment of error is overruled as moot.
 {¶ 27} Based on the foregoing, appellant's first assignment of error is sustained. The trial court's determination that defendant was not a sexual predator is against the manifest weight of the evidence. Defendant admitted to a demonstrated pattern of abuse, the victim was between 8 and 11 years old, and the defendant occupied a position of trust over the victim. Established case law supports our conclusion that there is a high likelihood defendant will commit one or more sexual offenses in the future. Notably, the trial court concluded defendant was the worst form of offender who posed the greatest likelihood of committing future crimes for purposes of sentencing.
 {¶ 28} We recognize the trial court has considerable discretion in sexual offender classification proceedings. However, based upon these facts, classification of this defendant as a sexually oriented offender, rather than a sexual predator, is against the manifest weight of the evidence.
 {¶ 29} Accordingly, appellant's first assignment of error is sustained, appellant's second assignment of error is overruled as moot, and the matter is reversed and remanded to the Franklin County Court of Common Pleas for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Brown and Klatt, concur.
[1] The pre-sentence investigation in this case is under seal. Therefore, this opinion does not use the victim's name.
[2] These courts reason that because the Cook court determined that a sexual predator determination is more akin to a sentencing hearing and determines the defendant's "status" as opposed to guilt, the proceeding is civil in nature and the civil standard of review is appropriate.
[3] The defendant in Daniels was already serving his sentence when R.C. 2950, et seq. was enacted.
[4] Even if the state had properly objected, which arguably happened in this case by stating that it was trying to make a record, any error in the exclusion of evidence must affect a substantial right of the party. Evid.R. 103(A). In determining whether a substantial right has been affected, the reviewing court must determine if the trier of fact would have reached the same conclusion had the error not occurred. State v. Redman
(May 25, 2000), Franklin App. No. 99AP-887 ("An error does not affect the defendant's substantial rights if there is `no reasonable possibility' that exclusion of the evidence would have affected the result"), citing State v. Brown (1992),65 Ohio St.3d 483, 485. (Emphasis omitted.) Since we reverse based on the first assignment of error, we do not reach this issue.