[Cite as *State v. Reed*, 2016-Ohio-1234.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                    :

                                                    No. 15AP-111

v.                                               :         (C.P.C. No. 10CR01-79)

Charles R. Reed,                                 :         (REGULAR CALENDAR)

      Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on March 24, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Terrence K. Scott*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Charles R. Reed, appeals from a judgment of the Franklin County Court of Common Pleas classifying him as a sexual predator. For the following reasons, we affirm that judgment.

**I. Factual and Procedural Background**

{¶ 2} In 2010, appellant was indicted with a number of sexually-related offenses allegedly committed in 1997, 1998, and 2002. The victim of those offenses was his developmentally-disabled stepdaughter who was 17 at the time of the first offenses. Appellant was 49 at that time. Appellant eventually pled guilty to two counts of sexual battery and one count of gross sexual imposition. The trial court found him guilty and sentenced him accordingly. The trial court also notified him that he would be classified as

No. 15AP-111

a Tier III sex offender under Am.Sub.S.B. No. 10, Ohio's version of the Adam Walsh Act ("AWA").

{¶ 3}   In 2012, appellant filed a motion to vacate his classification based on the Supreme Court of Ohio's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, syllabus ("2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws.").   The trial court denied the motion but, on appeal, this court reversed.  *State v. Reed*, 10th Dist. No. 14AP-201, 2014-Ohio-5996.   We concluded that, because appellant was sentenced for acts arising before the enactment of the AWA, his classification under the AWA was in violation of Ohio's Retroactivity Clause.  *Id.* at ¶ 10.  *See Williams* at ¶ 21.  Accordingly, we remanded the matter to the trial court to hold a hearing to classify appellant pursuant to the law that existed at the time he committed the offenses.  *Id.* at ¶ 11.  On remand, the trial court held that hearing and classified appellant as a sexual predator under the relevant version of Megan's Law.  *See* former R.C. Chapter 2950.

## II. Appellant's Appeal

{¶ 4}   Appellant appeals his classification and assigns the following error:

> The trial court abused its discretion when it classified Charles R. Reed as a sexual predator under former R.C. 2950.09 (Megan's Law).

### A. The Sexual Predator Classification

{¶ 5}   Appellant argues that his classification as a sexual predator is in error because the state did not establish that he was likely to reoffend.  We disagree.

{¶ 6}   A "sexual predator" is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.  *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 15, citing former R.C. 2950.01(E).  Appellant does not dispute that he was convicted of a sexually oriented offense; rather, he contends there was insufficient evidence presented showing that he was likely to commit other sexually oriented offenses. We disagree.

No. 15AP-111

{¶ 7}   To determine whether an offender is likely to reoffend, the trial court shall consider all relevant factors, including, but not limited to, those factors set forth in former R.C. 2950.09(B)(3):

> (a) The offender's or delinquent child's age;
>
> (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
>
> (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
>
> (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
>
> (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
>
> (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
>
> (g) Any mental illness or mental disability of the offender or delinquent child;
>
> (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
>
> (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

No. 15AP-111

> (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.

{¶ 8} These factors are "guidelines for the court to consider and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." *State v. Lewis* (Mar. 13, 2001), 10th Dist. No. 00AP-730. No requisite number of these factors must apply before a court finds an offender to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be appropriate. *State v. Walker*, 10th Dist. No. 04AP-1107, 2005-Ohio-3540, ¶ 10; *State v. Fears*, 10th Dist. No. 04AP-1164, 2005-Ohio-2960, ¶ 6. Because the test is not a balancing one, even one or two of the factors are sufficient as long as the evidence of likely recidivism is clear and convincing. *State v. McDonald*, 10th Dist. No. 03AP-853, 2004-Ohio-2571, ¶ 8.

{¶ 9} An appellate court's review of a sexual predator determination must include a review of the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. *State v. Williams*, 10th Dist. No. 02AP-35, 2002-Ohio-4503, ¶ 90. " 'Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.' " *State v. Eppinger*, 91 Ohio St.3d 158, 164 (2001), quoting *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). This court will not reverse a trial court's sexual predator judgment as being against the manifest weight of the evidence if there exists some competent, credible evidence going to all the essential elements of the case to support that judgment. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32.

{¶ 10} In appellant's case, the trial court relied on the presentence investigation and addressed a number of the relevant factors in making its determination. The trial court noted the victim's age when the offenses began and her "genetic condition" and "cognitive disabilities."[1] (Tr. 12.) The trial court also expressed concern for the nature of the contact, the consistent pattern of abuse, and appellant's position of trust that he held over the victim as her stepfather. These considerations constitute competent, credible

---

[1] The victim apparently suffers from a disorder which the state alleged affected her cognitive abilities.

No. 15AP-111

evidence of a clear and convincing nature to support the trial court's conclusion that appellant is likely to commit future sex offenses. *See State v. Messer*, 10th Dist. No. 03AP-169, 2004-Ohio-2127, ¶ 14-17 (demonstrated pattern of abuse with one victim, the defendant's stepdaughter); *State v. Jackson*, 10th Dist. No. 00AP-183 (Feb. 20, 2001) (repeated acts of sexual abuse of stepdaughter where defendant in his forties and victim was teenager); *State v. Vance*, 10th Dist. No. 06AP-1016, 2007-Ohio-4407, ¶ 104-06 (pattern of behavior committed against stepdaughter); *State v. Ibrahim*, 10th Dist. No 03AP-900, 2004-Ohio-4220, ¶ 24 (trial court relied on victim's age and learning disability/emotional or mental problems). As a result, the trial court did not err in classifying appellant as a sexual predator. *State v. Evans*, 10th Dist. No. 07AP-605, 2008-Ohio-2422, ¶ 20. Accordingly, we overrule appellant's assignment of error.

## III. Conclusion

{¶ 11} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.