OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas determining that defendant-appellee, Robert J. Humphrey, was not a sexual predator. Because the trial court failed to provide the information necessary for this court to review its sexual predator determination, we reverse that judgment and remand the matter for further proceedings.
 {¶ 2} On July 30, 2004, appellee was indicted for one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04, four counts of gross sexual imposition in violation of R.C. 2907.05, one count of attempted gross sexual imposition in violation of R.C. 2923.02 and2907.05, and one count of kidnapping in violation of R.C. 2905.01. The charges arose out of a Columbus Police Department investigation of a number of incidents involving appellee's alleged improper contact with young girls. K.B., then age 13, told detectives that appellee was alone with her in a friend's house when he began to feel her and kiss her. She told the detectives that appellee touched her chest and put his fingers inside her private area. Detectives also spoke with two other girls, M.T. and A.B., who knew appellee from their neighborhood. They told the detectives that appellee drove them around in his car and gave them marijuana to smoke. At stoplights, appellee would touch M.T. on her chest and private area and attempt to touch A.B.M.T. was 14 at the time. Finally, detectives interviewed C.B., who told them that she was riding her bicycle around the neighborhood when appellee forced her off her bike, took her hand, and made her touch his penis. C.B. was between 9 and 10 when this occurred.
 {¶ 3} After initially entering a not guilty plea to the charges, appellee ultimately entered guilty pleas to three counts of gross sexual imposition, all felonies of the fourth degree. The remaining charges were dismissed. The trial court accepted appellee's guilty pleas and sentenced him accordingly. After a sexual predator hearing, the trial court determined that appellee was not a sexual predator.
 {¶ 4} Appellant appeals, assigning the following error:
THE TRIAL COURT ERRED BY REFUSING TO CLASSIFY DEFENDANT AS A SEXUAL PREDATOR.
 {¶ 5} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). It is undisputed that appellee pled guilty to a sexually oriented offense. Therefore, the determinative issue in this case is whether or not the state proved by clear and convincing evidence that appellee was likely to re-offend.
 {¶ 6} In making a sexual predator determination, the trial court shall consider all relevant factors, including, but not limited to, those factors set forth in R.C. 2950.09(B)(3):
(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 7} These factors are "guidelines for the court to consider and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730.
 {¶ 8} An appellate court reviewing a sexual predator determination must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 90. "`Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Crossv. Ledford (1954), 161 Ohio St. 469, 477. This court will not reverse a trial court's sexual predator judgment as being against the manifest weight of the evidence if there exists some competent, credible evidence going to all the essential elements of the case to support that judgment. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279;State v. Hudson, Delaware App. No. 02 CAA 12065, 2003-Ohio-7049, at ¶ 99.
 {¶ 9} After the presentation of evidence during the sexual predator hearing in the case at bar, the trial court briefly discussed the facts it felt were relevant to the sexual predator determination. It appears from the record that the trial court assessed this evidence in the context of the factors enumerated in R.C. 2950.09. The evidence identified by the trial court seemed to support a sexual predator finding under the applicable statutory factors. For example, the trial court referenced the fact that there were multiple victims and that the court considered their respective ages. At the time of the incidents in question, all of the victims were 14 years old or younger. R.C. 2950.09(B)(3)(c) and (d). The appellee was 30 years old. R.C. 2950.09(B)(3)(a). The trial court noted that appellee had a prior criminal record. Id. at (B)(3)(f). The trial court also characterized appellee's conduct as predatory. In addition to these specific facts, there was evidence before the trial court that drug use was involved in at least one of the offenses. Id. at (B)(3)(e). Lastly, appellee's conviction was for multiple offenses suggesting a pattern of abuse. Id. at (B)(3)(h).
 {¶ 10} Notwithstanding this evidence and the trial court's comments, the trial court found that appellee was not a sexual predator. The trial court offered no explanation for its decision other than to say "[w]hile I understand the age, and I understand all the other things involved in here, I still feel that the weight of the evidence would not at this point require me to find [appellee] as a predator." (Tr. 41.) The trial court did not identify or discuss during the hearing or in its sentencing entry any of the specific factors in R.C. 2950.09(B)(3) upon which it relied to support this determination. Nor did the trial court make any attempt to explain why the evidence was insufficient to establish the likelihood of recidivism.
 {¶ 11} In Eppinger, supra, at 166, the Supreme Court of Ohio stated that "* * * the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Even though the trial court is not required to refer to each factor in making its determination, the trial court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. State v. Randall (2001), 141 Ohio App.3d 160, at 165-166; see, also, State v. Pasko (Dec. 7, 2001), Lake App. No. 2000-L-067 (trial court "should discuss on the record the evidence and factors it relied on in making its determination to ensure a fair and complete hearing for the offender and aid the appellate courts in reviewing the evidence on appeal.").
 {¶ 12} Here, neither the trial court's comments during the sexual predator hearing nor its sentencing entry provide sufficient information to allow us to review the sexual predator determination. Given the fact that the trial court only referenced evidence and factors that would seem to support a sexual predator finding, it is incumbent upon the trial court to explain how it reached the opposite conclusion so that we can properly review that determination on appeal. Because the trial court failed to do so, we sustain appellant's assignment of error to that extent. Therefore, we reverse the trial court's judgment and remand this matter to the trial court with instructions to provide an explanation of its sexual predator determination.
 {¶ 13} Accordingly, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with law and this opinion.
Judgment reversed and cause remanded with instructions.
Bryant and Sadler, JJ., concur.