OPINION
{¶ 1} Defendant-appellant, Cory T. McDonald, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas, and from the trial court's determination that he should be classified a sexual predator under R.C. Chapter 2950.
 {¶ 2} In February 2003, appellant came home from a night of drinking. Appellant's sister and her eleven-year-old friend were asleep in the living room. Appellant laid down next to the friend and placed his hand down her pants. Appellant then told the friend to come into the kitchen. Once inside the kitchen, appellant asked the friend to perform oral sex on him. When she refused, appellant threatened to hurt her, so she complied with his request. Appellant then took the friend's pants off, placed her on the kitchen table and began to engage in vaginal intercourse with her. When the friend complained that it hurt, appellant again forced her to perform oral sex. After he was done, appellant told the friend that he would hurt her if she told anyone what had occurred. The next day, however, the friend told her stepmother.
 {¶ 3} Subsequently, appellant was indicted for one count of gross sexual imposition in violation of R.C. 2907.05 ("GSI"), one count of kidnapping in violation of R.C. 2905.01 with a sexually-violent predator specification pursuant to R.C.2941.148, and a sexually-motivated specification pursuant to R.C.2941.147, and three counts of rape in violation of R.C. 2907.02. Appellant pled guilty to all of the charges and the trial court sentenced appellant to prison for three years for the GSI conviction, eight years for the kidnapping conviction, and seven, five, and three years for each of the rape convictions. The trial court ordered the three-year GSI sentence to be served concurrently with the other sentences, which were to be served consecutively, for a total of 23 years in prison. The trial court also classified appellant as a sexual predator pursuant to R.C.2950.09.
 {¶ 4} Appellant appeals, assigning the following errors:
[I.] The lower trial court committed reversible error by imposing a consecutive sentence for kidnapping where the kidnapping offense merged with one of the rape offenses pursuant to R.C. 2941.25.
[II.] The lower court erred in imposing consecutive terms of imprisonment, without making findings pursuant to R.C.2929.14(E)(4) and not stating its findings pursuant to R.C.2929.19(B)(2)(c).
[III.] The finding that defendant is a sexual predator is not supported by the evidence and is against the manifest weight of the evidence.
 {¶ 5} We will address appellant's third assignment of error first. Appellant contends the trial court erred by classifying him a sexual predator. In order for appellant to be designated a sexual predator, the state must show that he has been convicted of, or pled guilty to, a sexually-oriented offense and is likely to commit one or more sexually-oriented offenses in the future. R.C. 2950.01(E); State v. Eppinger (2001), 91 Ohio St.3d 158,163. Appellant does not dispute that he was convicted of a sexually-oriented offense; rather, he contends the trial court's determination that he was likely to commit other sexually-oriented offenses was not supported by the evidence and was against the manifest weight of the evidence. We disagree.
 {¶ 6} An appellate court reviewing a finding that an appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v.Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 90. "`Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'"Eppinger, supra, at 164, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477. This court will not reverse a trial court's sexual predator judgment as being against the manifest weight of the evidence if there exists some competent, credible evidence going to all the essential elements of the case to support that judgment. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279; State v. Hudson, Delaware App. No. 02 CAA 12065, 2003-Ohio-7049, at ¶ 99.
 {¶ 7} In determining whether an offender is a sexual predator, R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors, including those enumerated in the statute.Eppinger, supra, at 166; State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. Those factors are:
(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent conduct.
R.C. 2950.09(B)(3).
 {¶ 8} No requisite number of these factors must apply before an offender is found to be a sexual predator and the trial court may place as much or as little weight on any of the factors as it deems to be relevant; the test is not a balancing one. State v.Austin (Nov. 2, 2000), Franklin App. No. 00AP-184; State v.Degroat (Sept. 6, 2001), Franklin App. No. 00AP-1485. Even one or two factors are sufficient as long as the evidence of likely recidivism is clear and convincing. State v. Hardie (2001),141 Ohio App.3d 1, 5.
 {¶ 9} The trial court found appellant to be a sexual predator based on his age (22) and the age of his victim (11), appellant's use of drugs or alcohol, and the information contained in appellant's pre-sentence investigation which disclosed the facts of the underlying offenses and appellant's extensive criminal history dating back to 1995. Appellant presented no evidence at the sexual predator hearing. We first note that the trial court misapplied the factor involving drugs and alcohol. R.C.2950.09(B)(3)(e). Appellant did not use drugs or alcohol to impair the victim or to prevent her from resisting. Rather, appellant stated that he was very drunk when he committed the offenses. Therefore, this factor is inapplicable. Nevertheless, the trial court's misapplication of this factor is harmless given the other factors appropriately considered by the trial court — i.e., the appellant's age (id. at a), the age of his victim (id. at c), his criminal history (id. at b), appellant's threats against the victim (id. at i), and the circumstances of these crimes (id. at h).
 {¶ 10} Appellant was 22 when he committed these acts. Therefore, he was old enough to know the criminal nature of his conduct. See State v. McKenna, Franklin App. No. 03AP-177,2003-Ohio-5997, at ¶ 30. The victim was only eleven.
The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, affirmed (1998), 84 Ohio St.3d 12; see, also, Statev. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 53.
 {¶ 11} Appellant's extensive criminal history, although not of a sexual nature, also supports the trial court's decision. R.C. 2950.09(B)(3)(b); State v. Hill, Franklin App. No. 01AP-1237, 2002-Ohio-2882, at ¶ 21. Appellant's history of criminal conduct reflects his lack of restraint and his general disregard for the rights of other people. Finally, appellant threatened to harm his victim when she initially resisted his demands. After appellant raped his victim, appellant also threatened to harm her if she told anyone what had occurred. These facts also support the trial court's decision. R.C.2950.09(B)(3)(i).
 {¶ 12} Given these factors, there was sufficient evidence for the trial court to find by clear and convincing evidence that appellant was likely to re-offend and that, therefore, he should be classified a sexual predator. This same evidence demonstrates the trial court's judgment is not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
 {¶ 13} Appellant contends in his first assignment of error that his kidnapping and rape convictions were allied offenses of similar import and should have merged for purposes of sentencing pursuant to R.C. 2941.25(A). Before we address the merits of this assignment of error, we note that appellant's counsel did not raise the issue of allied offenses in the trial court. Generally, unless plain error is shown, a party's failure to raise this issue constitutes a waiver of that issue. See State v. Comen
(1990), 50 Ohio St.3d 206, 211. Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only when the outcome of the proceedings below clearly would have been different absent the error. State v.Lindsey (2000), 87 Ohio St.3d 479, 482, citing State v. Long
(1978), 53 Ohio St.2d 91. Therefore, we must determine whether the trial court's failure to merge these convictions was error and, if so, whether it constituted plain error.
 {¶ 14} R.C. 2941.25(A) provides that:
Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 15} In determining whether crimes are allied offenses of similar import, the Supreme Court of Ohio explained that under R.C. 2941.25(A), "[c]ourts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" State v. Rance (1999), 85 Ohio St.3d 632, 638, quoting State v. Jones (1997), 78 Ohio St.3d 12, 14. The court explained that if the elements do correspond, the defendant may not be convicted of both "unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639; R.C. 2941.25(B).
 {¶ 16} The offense of rape, in violation of R.C.2907.02(A)(1)(b), prohibits sexual conduct with a person under 13 years of age. The offense of kidnapping, in violation of R.C.2905.01(A)(4), prohibits any person, by force, threat, or deception, or, in the case of a victim under the age of 13 or mentally incompetent, by any means, from removing another person or restraining the liberty of the other person, for the purpose of engaging in sexual activity with the victim against the victim's will. As statutorily defined, the commission of one of these offenses will not automatically result in the commission of the other. Rance, supra. Sexual conduct is a necessary element of rape but is not an element of kidnapping under R.C.2905.01(A)(4). Rather, kidnapping, pursuant to R.C.2905.01(A)(4), requires only that the offender act with the intent to engage in sexual activity. Also, restraint or movement of the victim is a necessary element for a conviction of kidnapping but is not an element of rape — i.e. sexual conduct with a person under age 13. See State v. Hay (Dec. 19, 2000), Union App. No. 14-2000-24 (rape and kidnapping not allied offenses of similar import). Accordingly, because the statutory elements of the crimes do not correspond to such a degree that the commission of one crime will automatically result in the commission of the other, the offenses are not allied offenses of similar import. Therefore, appellant's first assignment of error is overruled.
 {¶ 17} Appellant contends in his second assignment of error that the trial court improperly imposed consecutive sentences. A trial court must make specific findings under R.C. 2929.14(E)(4) and state its reasons for making those findings to impose consecutive sentences. R.C. 2929.19(B)(2)(c); State v. Scott,
Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 8-12. A trial court is required to make these findings and give its reasons supporting those findings at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20. Appellant contends the trial court failed to make the required findings and to state its reasons for imposing consecutive sentences. We agree.
 {¶ 18} R.C. 2929.14(E)(4) provides that the trial court may require an offender to serve consecutive prison sentences if it finds: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that any one of the following applies:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
(b) * * * [T]he harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 19} The trial court stated, on the record, that the harm caused by appellant's offenses was great and unusual, such that a single term of incarceration would not adequately reflect the seriousness of appellant's conduct. The trial court also stated that consecutive sentences were appropriate to protect the public. However, the trial court did not find that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Nor did the trial court state the reasons for its findings as required by R.C. 2929.19(B)(2)(c). Because the trial court failed to make all of the findings required to impose consecutive sentences and because it did not state its reasons for those findings, appellant's second assignment of error is sustained.
 {¶ 20} In conclusion, we overrule appellant's first and third assignments of error, and sustain appellant's second assignment of error. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded for re-sentencing in accordance with law.
Judgment affirmed in part, reversed in part and cause remanded.
Bowman and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.