OPINION
{¶ 1} Defendant-appellant, William T. Kirkland, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator.
 {¶ 2} The Franklin County Grand Jury indicted appellant on one count of rape, a first-degree felony, in violation of R.C. 2907.02, and two counts of gross sexual imposition, third degree felonies, in violation of R.C. 2907.05. The charges stem from appellant sexually abusing his nine-year-old daughter, "on or about February 27, 2003 to February 28, 2003." (Indictment at 1.)
 {¶ 3} Appellant pled guilty to two counts of gross sexual imposition. The trial court dismissed the rape charge pursuant to a plea bargain between appellant and plaintiff-appellee, the State of Ohio, and held a sexual offender classification hearing.
 {¶ 4} At the hearing, appellee stated that appellant went into his daughter's room in the middle of the night "and inserted his finger inside of her and licked her butt. After this he told her to keep it a secret." (May 27, 2004 hearing, at 5.) Appellant was 36 years old when he took these actions.
 {¶ 5} Appellee also submitted into evidence the pre-sentence investigation report (PSI). According to the PSI, appellant told detectives that he "had been drinking for a couple of days" when the incident occurred. (PSI, at 4.) Appellant explained that he went to his daughter's room because his wife usually slept there, and he wanted to reconcile with his wife after quarrelling with her. Next, according to appellant, he got into bed, mistaking his daughter for his wife, and, in the course of events, realized that he was with his daughter when she told him to stop.
 {¶ 6} The PSI also indicates that appellant is an alcoholic who suffers from chronic depression and "has slit his wrists on several occasions and overdosed on sleeping pills." (PSI, at 8.) Although appellant has prior misdemeanor convictions, appellant has committed no previous sex offenses.
 {¶ 7} The trial court found appellant to be a sexual predator based on the PSI and appellee's presentation. The trial court also noted, "for me to believe that somebody could mistake his wife for his daughter — defies my comprehension." (May 27, 2004 hearing, at 19.) The court then stated that, even accepting appellant's claim to have mistaken his wife for his daughter, appellant's behavior signifies his likelihood to commit future sex offenses because "we have a person whose concept of reconciling is forcing that kind of sex." Id.
 {¶ 8} Appellant appeals, raising one assignment of error:
The trial court's decision finding Appellant to be a "sexual predator" as defined by R.C. 2950.01(E) is contrary to the weight of the evidence.
 {¶ 9} Appellant argues in his assignment of error that the trial court erred in finding him to be a sexual predator. We disagree.
 {¶ 10} In order for a trial court to find an offender to be a sexual predator, the state must establish by clear and convincing evidence that the offender has been convicted of, or pled guilty to, a sexually oriented offense and is likely to commit one or more sexually oriented offenses in the future. R.C. 2950.01(E)(1); R.C. 2950.09(B)(3); State v.Eppinger (2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is:
* * * [T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Id. at 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 11} In making a sexual predator determination, the trial court considers "all relevant factors, including, but not limited to," those enumerated in R.C. 2950.09(B)(3). Eppinger, at 164. The trial court may place as much or as little weight on any of the factors as it deems relevant. State v. McDonald, Franklin App. No. 03AP-853, 2004-Ohio-2571, at ¶ 8.
 {¶ 12} Here, appellant does not dispute that he was convicted of a sexually oriented offense, but that the evidence fails to establish his likelihood of committing future sex offenses. Appellant contends that the trial court improperly based its decision solely on the facts of the underlying offense. In support, appellant advances our previous decision in State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, and related cases, which held that a trial court cannot make a sexual predator finding solely based on the facts underlying the instant offense.
 {¶ 13} However, we have subsequently limited Baughman to its own facts. State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184; Statev. Clary (Oct. 12, 2000), Franklin App. No. 99AP-1465; State v. Carter
(Aug. 9, 2001), Franklin App. No. 00AP-1365; State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597. In limiting Baughman, we recognized that "R.C. Chapter 2950 does not specifically require that the state prove propensity by facts `other than the facts of the crime itself.'"King. Accordingly, we have since declined to conclude "that facts derived from the sexual offense for which [a] defendant was convicted can never in themselves be sufficient to support" a sexual predator finding. Id. Likewise, the Ohio Supreme Court has recognized that "it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Eppinger, at 167.
 {¶ 14} Here, the circumstances of appellant's underlying offense and his background evoke several factors under R.C. 2950.09(B)(3) and establish that appellant is a sexual predator. Appellant, a 36-year-old adult, sexually abused a nine-year-old child. Appellant sexually abusing such a young victim is a factor in favor of a sexual predator finding. R.C. 2950.09(B)(3)(a) and (c). There is a "high potential of recidivism among sex offenders whose crimes involve the exploitation of young children." State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830. "The sexual molestation of young children * * * is widely viewed as one of the most, if not the most, reprehensible crimes in our society." Id. Thus, "[a]ny offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." Id.
 {¶ 15} Similarly, appellant violated "deeply ingrained and powerful social prohibitions" against incest by sexually abusing his daughter, suggesting a compulsion to re-offend. See State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12. Appellant also took advantage of a position of trust with his daughter, another factor supporting the trial court's sexual predator finding. See State v. Messer, Franklin App. No. 03AP-169, 2004-Ohio-2127, at ¶ 17. Appellant's telling his daughter to keep the abuse a secret also supports the trial court's sexual predator finding as it indicates the intentional and coercive nature of appellant's actions. Id. at ¶ 19.
 {¶ 16} In addition, appellant's prior suicide attempts demonstrate that appellant is mentally unstable, a factor in R.C. 2950.09(B)(3)(g). Moreover, appellant's alcohol abuse demonstrates his likelihood of re-offending. See Clary (noting that "substance abuse is also a relevant factor in assessing [a] danger of recidivism" for sexually oriented offenses); see, also, King (recognizing a reasonable inference that substance abuse contributes to an offender's criminal activity and that "recidivism of this nature is also high").
 {¶ 17} Accordingly, appellee presented sufficient evidence for the trial court to find by clear and convincing evidence that appellant is likely to commit future sexually oriented offenses. Therefore, we conclude that the trial court properly adjudicated appellant a sexual predator. Thus, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and McGrath, JJ., concur.