DECISION
{¶ 1} Defendant-appellant, Steven A. Poole ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950.
 {¶ 2} On November 7, 2003, the victim in this case, Ms. Yetmwork Shifaw, left her place of employment at the Huntington parking garage in downtown Columbus to use the restroom at approximately 11:20 a.m. Ms. Shifaw used the restroom, and after exiting the stall, began using the mirror to fix her hair and makeup, when she heard the door open. A moment later the lights went out and she proceeded to try and feel her way to the door. Appellant grabbed her wrists and demanded money. Ms. Shifaw replied that she would give him money. Appellant then unfastened Ms. Shifaw's pants and instructed her to turn around and lay down on the floor. Appellant announced that he had a gun and instructed Ms. Shifaw not to move. Appellant forced vaginal intercourse, while repeatedly telling her "don't move." (Tr. at 10.) After ejaculating, appellant wiped the ejaculate from the victim's vaginal area with toilet paper; thereafter, Ms. Shifaw heard the toilet flush. Appellant then took the money that Ms. Shifaw had and instructed her to lock the door and stay there. After waiting a few minutes, she left the restroom and went to her supervisors and reported the attack, at which time the police were called. Appellant was identified as a suspect, but when interviewed by the police, appellant stated that "he didn't know what they were talking about, that he hadn't done anything." (Id. at 11.) Appellant's DNA matched a sample that was taken from the victim.
 {¶ 3} Appellant was indicted on November 24, 2003, by the Franklin County Grand Jury for one count of kidnapping, one count of rape, and one count of aggravated robbery. All three counts are felonies of the first degree and all three counts contained firearm specifications. On February 3, 2005, appellant entered a plea of guilty to rape without a firearm specification, and in exchange, the remaining counts in the indictment were dismissed. The court found appellant to be a sexual predator and imposed a jointly recommended sentence of ten years incarceration.
 {¶ 4} On appeal, appellant raises the following single assignment of error:
The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
 {¶ 5} In order for a trial court to find an offender to be a sexual predator, the state must establish by clear and convincing evidence that the offender has been convicted of, or pled guilty to, a sexually oriented offense and is likely to commit one or more sexually oriented offenses in the future. R.C. 2950.01(E)(1); R.C. 2950.09(B)(3); State v.Eppinger (2001), 91 Ohio St.3d 158, 163; State v. Kirkland, Franklin App. No. 04AP-654, 2005-Ohio-1123. Clear and convincing evidence is:
* * * [T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Eppinger, at 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477. The appellate court separately reviews the sufficiency of the evidence to determine whether there is substantial evidence upon which the trier of fact could reasonably conclude that there are facts supporting the judgment which was rendered. State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184.
 {¶ 6} In making a sexual predator determination, the trial court considers "all relevant factors, including, but not limited to," those enumerated in R.C. 2950.09(B)(3). Eppinger, at 164. The factors enumerated in R.C. 2950.09(B)(3) are:
(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 7} However, the factors set forth in R.C. 2950.02(B)(3) are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator. Austin, supra. See also, State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. The factors are not judged on a quantitative basis, but rather on a qualitative basis. Id. The trial court may place as much or as little weight on any of the factors as it deems relevant. State v. McDonald, Franklin App. No. 03AP-853, 2004-Ohio-2571. "Even one or two statutory factors will suffice as long as the evidence of likely recidivism is clear and convincing." State v.Brooks, Franklin App. No. 02AP-925, 2003-Ohio-2192.
 {¶ 8} In the instant case, given the trial court's express averment in its entry that it considered all of the evidence before it and the relevant statutory factors, it is evident that the trial court implicitly concluded that the statutory factors regarding potential recidivism essentially outweighed the favorable evidence presented by defendant. SeeState v. Grimes, (Feb. 15, 2000), Franklin App. No. 99AP-610. Additionally, at the hearing, the court stated:
The court having heard the facts presented and listening very carefully to the time of day, the nature of the offense, the fact that this gentleman is 37 years of age, the court does find that by clear and convincing evidence that there is a strong likelihood that this gentleman will reoffend, and so, therefore, this court makes a finding that the defendant, Steven Poole, is a sexual predator * * *
(Tr. at 17-18.)
 {¶ 9} Appellant does not dispute that he was convicted of a sexually oriented offense, rather, appellant argues that the evidence fails to establish his likelihood of committing future sex offenses. Appellant contends that the trial court improperly based its decision solely on the facts of the underlying offense. In support, appellant relies on Statev. Baughman (May 4, 1999), Franklin App. No. 98AP-929, State v. Hicks
(1998), 128 Ohio App.3d 647, and related cases, which held that a trial court cannot make a sexual predator finding solely based on the facts underlying the instant offense.
 {¶ 10} However, this court has since noted that Baughman was unique and we have subsequently limited Baughman to its own facts. Austin,
supra; State v. Clary (Oct. 12, 2000), Franklin App. No. 99AP-1465; Statev. Carter (Aug. 9, 2001), Franklin App. No. 00AP-1365; State v. King
(Mar. 7, 2000), Franklin App. No. 99AP-597. Likewise, Hicks is clearly distinguishable and limited to its own facts.
 {¶ 11} In Hicks, the defendant pled guilty to rape and aggravated burglary in 1982. In 1997, while still incarcerated, Hicks was brought to the Hamilton County Court of Common Pleas for a sexual-predator hearing. There was no evidence or statements presented to the court whatsoever, other than the indictment for the two offenses and the corresponding guilty pleas. When defense counsel asked the trial judge if there was any other evidence that he intended to consider, the judge stated, "That's it." The judge later stated, "I find, sir, that by virtue of your plea to the sexually oriented offense, you are a sexual predator as defined by the code." Id. at 649. The appellate court in Hicks stated, "[t]he trial judge's statement demonstrates why we must reverse Hicks's sexual-predator adjudication." Id. at 650. In Hicks there was not even a statement by the prosecution as to whether or not the defendant should have been classified as a sexual predator; there was only the sentencing judge's statement that by virtue of the defendant's plea to a sexually oriented offense, the defendant was thereby a sexual predator pursuant to Ohio law.
 {¶ 12} In limiting Baughman, we have recognized that "R.C. Chapter 2950 does not specifically require that the state prove propensity by facts `other than the facts of the crime itself.'" King at *9. Accordingly, we have since declined to conclude "that facts derived from the sexual offense for which [a] defendant was convicted can never in themselves be sufficient to support" a sexual predator finding. Id. Likewise, the Ohio Supreme Court has recognized that "it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Eppinger, at 167. Furthermore, there is no prohibition against using the facts of the predicate offense to establish appellant's likelihood to re-offend. State v. Kidwell, Franklin App. No. 02AP-290, 2002-Ohio-7195 at
¶ 31, citing Gardner, supra.
 {¶ 13} Here, the circumstances of appellant's underlying offense and his criminal record invoke several factors under R.C. 2950.09(B)(3), and support the trial court's finding that appellant is a sexual predator.
 {¶ 14} A review of the facts indicates a level of cruelty in the sexual attack. Appellant surprised the victim in the restroom, turned the lights out, told her that he had a gun and would kill her if she didn't comply, and repeatedly instructed her not to move. See Gardner, supra;State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553; State v.Scott (Sept. 29, 2000), Franklin App. No. 00AP-260. At the time of the offense, defendant was 37 years old, a time in which he "should have matured to the point of knowing the wrongfulness of his conduct."Brooks, supra at ¶ 15 (discussing facts supporting a sexual predator determination of a defendant in his 30's that raped a woman in her 20's). The act was random and perpetrated against a stranger to the appellant, mid-day, in the restroom of a building in the downtown Columbus area. While defendant does not have a record of prior sexually oriented offenses, he has a prior criminal record that is not insubstantial, consisting of aggravated burglary and petty theft. See Brooks, supra.
 {¶ 15} Appellant also wiped the area with toilet paper, in an attempt to remove any evidence, thus indicating that he was fully aware of his actions and the consequences of them. Additionally, there is an indication in the record, from both the prosecution and defense counsel of mental health/mental illness issues, although it was stipulated that appellant was competent to stand trial. (Tr. at 12, 15, 17.)
 {¶ 16} This court has reviewed the entire record and determined that there are facts within the underlying offenses that are especially indicative of the likelihood of defendant engaging in another sexually oriented offense in the future. We find that this evidence is sufficient for a rational trier of fact to find that the state has met its burden to prove with clear and convincing evidence that defendant is a sexual predator. Accordingly, defendant's sole assignment of error is not well-taken.
 {¶ 17} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN, P.J., and KLATT, J., concur.