OPINION
{¶ 1} Defendant-appellant, Brian P. McComas, appeals from a judgment of the Franklin County Court of Common Pleas classifying him as a sexual predator. For the following reasons, we affirm.
 {¶ 2} On January 26, 2004, defendant was indicted on one count of rape, in violation of R.C. 2907.02; one count of attempted rape, in violation of R.C. 2923.02 as it relates to R.C. 2907.02; and one count of gross sexual imposition, in violation of R.C. 2907.05. These charges arose from the claim of defendant's six-year-old cousin that he had sexually molested her.
 {¶ 3} On January 28, 2005, defendant entered a guilty plea to the attempted rape count and the gross sexual imposition count. The trial court accepted defendant's plea, and it ordered a nolle prosequi on the rape count. In accordance with the joint sentence recommendation, the trial court sentenced defendant to consecutive prison terms of one year for the attempted rape count and two years for the gross sexual imposition count.
 {¶ 4} After sentencing defendant, the trial court proceeded with a sexual predator hearing. The only evidence submitted during this portion of the proceedings was the prosecutor's recounting of the facts underlying the offenses. According to the prosecutor, defendant entered his cousin's bedroom during the evening of January 2, 2004, pulled down her underwear, and attempted to insert his penis into her vagina. When defendant was unable to achieve penetration, he resorted to fondling his cousin's vagina. The next day, the victim's mother took her to Children's Hospital, where the treating physician observed redness and tenderness, but no tearing or bruising.
 {¶ 5} The prosecutor urged the trial court to classify defendant as a sexual predator because, as he was only 19-years old, defendant would be released from prison at an age where he would be able to re-offend. Also, the prosecutor noted the young age of the victim and the fact that the victim was the defendant's cousin, putting defendant in a position where he owed her a duty of care. In rebuttal, the defense counsel argued that the trial court should not classify defendant as a sexual predator because he had no prior criminal record, there was only one victim, drugs and alcohol were not used, there was no indication defendant suffered a mental disability, no pattern of abuse existed, and defendant did not display cruelty or make any threats to his victim.
 {¶ 6} In adjudicating defendant a sexual predator, the trial court stated:
[T]he Court is mindful that the Defendant has no prior record, and what is before the Court here is as far as the Court knows based upon the evidence is a one-time event. However, this young girl is six years old, which would make this bad enough. But it's his flesh-and-blood cousin, so this is family. This is like a sacred trust. This is family. This is a child in the family. Other adults leave children with family, and it's just, this is unthinkable and almost unspeakable that that kind of trust can be betrayed in this fashion in the home where the child is.
There are few things that if you go through time back as far as we know and you go across cultures all of the way across this planet there is very little that is absolutely taboo in all times and all places, and this is one of them.
So in order to overcome all of that I have to come to the conclusion that Mr. McComas has a serious, serious problem with pedophilia, and even if that is not the case, this behavior is so outrageous the Court finds that the Defendant is a sexual predator and he will need to report as such when he is released from the institution.
(Jan. 28, 2005 Tr. at 16-17.)
 {¶ 7} On January 31, 2005, the trial court issued a judgment entry that memorialized defendant's plea, his sentence, and the sexual predator classification. Defendant now appeals from that judgment entry.
 {¶ 8} On appeal, defendant assigns the following error:
THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE AFTER HIS RELEASE FROM PRISON.
 {¶ 9} By his only assignment of error, defendant argues that because the prosecutor failed to introduce sufficient clear and convincing evidence showing that he is likely to commit another sexually-oriented offense, the trial court erred in classifying him as a sexual predator. We disagree.
 {¶ 10} In order for a trial court to find that a defendant is a sexual predator, the prosecutor must prove by clear and convincing evidence that the defendant was convicted of, or pled guilty to, committing a sexual-oriented offense and that the defendant is likely to engage in the future in one or more sexually-oriented offenses. Former R.C. 2950.01(E)(1); State v.Eppinger (2001), 91 Ohio St.3d 158, 161. Clear and convincing evidence is that quantity and quality of evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." CincinnatiBar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122. While meeting the clear and convincing burden requires a degree of proof more than a mere "preponderance of the evidence," it does not require proof "beyond a reasonable doubt" as in criminal cases. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} When reviewing a sexual predator determination, an appellate court must examine the record to determine whether the trial court had sufficient evidence before it to satisfy the clear and convincing standard. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 90. An appellate court will not reverse a trial court's sexual predator judgment as being against the manifest weight of the evidence if there exists some competent, credible evidence supporting that judgment. State v.Humphrey, Franklin App. No. 05AP-136, 2005-Ohio-5246, at ¶ 8.
 {¶ 12} In determining whether a defendant is a sexual predator, a court should consider and discuss on the record all relevant factors it uses to determine whether the proffered evidence is sufficient to support a finding that the offender is likely to engage in future sex offenses. Eppinger, supra, at 166. These factors include: (a) the offender's age; (b) the offender's prior criminal record regarding all offenses, including sex offenses; (c) the age of the victim; (d) whether the sex offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender committed a previous offense, whether the offender completed any sentence imposed and, if the previous offense was a sex offense, whether the offender participated in any available programs for sexual offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact or interaction with the victim and whether the offender engaged in a pattern of abuse with the victim; (i) whether the offender displayed cruelty or made one or more threats of cruelty; and (j) any additional behavior characteristics that contributed to the offender's conduct. Former R.C. 2950.09(B)(3).
 {¶ 13} In the case at bar, the trial court primarily relied upon two factors in determining that defendant is likely to commit future sex offenses. First, because the victim was only six-years old when defendant sexually molested her, the trial court found the victim's age indicative of defendant's likelihood to re-offend. R.C. 2950.09(B)(3)(a). Second, the trial court found that defendant's willingness to victimize a member of his own family is a telling sign of defendant's likelihood to re-offend. R.C. 2950.09(B)(3)(h). Because the young age of the victim and defendant's familial relationship with the victim constitute competent, credible evidence of a clear and convincing nature that supports the conclusion that defendant is likely to commit future sex offenses, we conclude that the trial court did not err in classifying defendant as a sexual predator.
 {¶ 14} Contrary to this conclusion, defendant argues that the trial court erred in basing its determination that he is likely to re-offend upon its finding that he suffers from pedophilia. In making this argument, defendant cites State v. Bowers (Aug. 8, 2000), Franklin App. No. 99AP-971, in which this court reversed a sexual predator adjudication because the trial court relied solely upon the judicially-noticed "fact" that pedophiles are incurable in finding that the defendant was likely to re-offend. Here, however, the trial court did not take judicial notice of the incurable nature of pedophilia, much less base its sexual predator determination solely upon such a "fact." Rather, the trial court merely concluded defendant suffers from pedophilia, which in common usage describes a "paraphilia[1] in which children are the preferred sexual object." Webster's Third International Dictionary (1961) 1665. Indisputably, defendant's admitted actions fit this generic definition. Furthermore, unlike the Bowers trial court, the trial court in the instant case based its classification of defendant as a sexual predator on R.C. 2950.09(B)(3) factors, not its conclusion that defendant is a pedophile. Consequently, the trial court's reference to pedophilia does not warrant a reversal of its determination that defendant is a sexual predator.
 {¶ 15} Second, defendant argues that, contrary to the trial court's conclusion, he is not likely to commit another sex offense because his victim was a family member and defendants who sexually molest family members have a low rate of recidivism. Defendant supports this argument with a study completed by the Ohio Department of Rehabilitation and Correction and expert testimony introduced in other cases. Defendant, however, did not offer this evidence before the trial court. Because an appellate court cannot consider evidence outside of the record created before the trial court, we are precluded from considering the study and testimony. Columbus v. Brown, Franklin App. No. 05AP-344, 2005-Ohio-6102, at ¶ 9, citing State v. Ishmail
(1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Without this evidence, defendant has no evidentiary basis on which to assert his argument, and thus, we find it unavailing.
 {¶ 16} Defendant's next argument fails for the same reason. Defendant asserts that he ceased his efforts to penetrate his victim's vagina when she told him that he was hurting her. Defendant argues that the trial court should have considered this fact as evidence mitigating against a finding that he is likely to re-offend. This fact, however, was not part of the prosecutor's recounting of the incident — the only evidence submitted to the trial court during the sexual predator hearing.
 {¶ 17} Finally, defendant argues that the age of the victim alone is insufficient to support a determination that he is a sexual predator. We disagree. No requisite number of the R.C.2950.09(B)(3) factors must apply before a trial court finds an offender to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be appropriate. State v. Walker, Franklin App. No. 04AP-1107,2005-Ohio-3540, at ¶ 10; State v. Fears, Franklin App. No. 04AP-1164, 2005-Ohio-2960, at ¶ 6. Because the test is not a balancing one, even one or two of the factors are sufficient as long as the evidence of likely recidivism is clear and convincing. State v. Dudley, Franklin App. No. 05AP-144, 2005-Ohio-6503, at ¶ 62; State v. McDonald, Franklin App. No. 03AP-853, 2004-Ohio-2571, at ¶ 8.
 {¶ 18} However, even if defendant was correct in his assertion that the age of the victim alone is insufficient evidence, that assertion has no bearing on the instant case. The trial court found defendant to be a sexual predator because of the extremely young age of his victim and defendant's familial relationship with the victim. As we stated above, given this evidence, the trial court did not err in classifying defendant as a sexual predator.
 {¶ 19} For the foregoing reasons, appellant's assignment of error is overruled, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Sadler, JJ., concur.
[1] "Paraphilia" is defined as a "preference for or addiction to unusual sexual practices." Webster's Third International Dictionary (1961) 1638.