OPINION
{¶ 1} Defendant-appellant, Jeffrey S. Hill ("appellant"), appeals from the March 7, 2006 judgment of the Franklin County Court of Common Pleas classifying appellant as a sexual predator pursuant to R.C. Chapter 2950. For the following reasons, we affirm.
 {¶ 2} On May 9, 2005, the Franklin County Grand Jury indicted appellant on six counts of gross sexual imposition in violation of R.C. 2907.05, felonies of the fourth degree, six counts of sexual battery in violation of R.C. 2907.03, felonies of the third degree, and six counts of rape in violation of R.C.2907.02, felonies of the first degree. The alleged victim of the indicted offenses was appellant's 13-year-old stepdaughter, R.B. On January 11, 2006, appellant entered a guilty plea to three counts of rape, and the trial court entered a nolle prosequi as to the remaining counts pursuant to the plea agreement. On March 1, 2006, the trial court conducted a hearing regarding appellant's sexual offender classification and sentencing. After hearing arguments by counsel, the trial court determined that appellant was a sexual predator, as defined in R.C.2950.01(E)(1), and proceeded to sentence appellant to three concurrent seven-year prison terms. Appellant appeals only the trial court's determination that he is a sexual predator.
 {¶ 3} For a trial court to classify an offender as a sexual predator, "the state must establish by clear and convincing evidence that the offender has been convicted of, or pled guilty to, a sexually oriented offense and is likely to commit one or more sexually oriented offenses in the future." State v. Poole,
Franklin App. No. 05AP-212, 2005-Ohio-5925, at ¶ 5. As described by the Ohio Supreme Court:
* * * "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." * * *
State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quotingCross v. Ledford (1954), 161 Ohio St. 469. When reviewing a sexual predator classification, an appellate court must examine the record to determine whether the trial court had before it sufficient evidence to satisfy the clear and convincing standard.State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 90. Because it is undisputed that appellant pled guilty and was convicted of a sexually oriented offense, the issue before us resolves itself to whether the state established by clear and convincing evidence that appellant is likely to commit one or more sexually oriented offenses in the future.
 {¶ 4} Appellant raises the following single assignment of error:
APPELLANT'S CLASSIFICATION AS A SEXUAL PREDATOR WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 {¶ 5} The General Assembly has supplied courts with several factors to consider in determining whether an offender is likely to engage in a future sexually oriented offense. See R.C.2950.09(B)(3). In making a sexual predator determination, the trial court must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(3).Eppinger at 164. The factors enumerated in R.C. 2950.09(B)(3) are:
(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 6} While the factors enumerated in R.C. 2950.09(B)(3) are guidelines for courts to consider, there is no requisite number of factors that must apply before a court may classify an offender as a sexual predator. Poole at ¶ 7, citing State v.Austin (Nov. 2, 2000), Franklin App. No. 00AP-184. The trial court may place as little or as much weight on a given factor as it deems appropriate. State v. Walker, Franklin App. No. 04AP-1107, 2005-Ohio-3540, at ¶ 10. "Even one or two statutory factors will suffice as long as the evidence of likely recidivism is clear and convincing." State v. Brooks, Franklin App. No. 02AP-925, 2003-Ohio-2192, at ¶ 14, citing State v. Hardie
(2001), 141 Ohio App.3d 1, 5; State v. McDonald, Franklin App. No. 03AP-853, 2004-Ohio-2571, at ¶ 8.
 {¶ 7} The only evidence admitted at appellant's sexual predator hearing was a pre-sentence investigation report ("PSI"), which included statements from appellant and the victim, as well as appellant's prior criminal record. The Ohio Supreme Court has held that a PSI is reliable hearsay and that a trial court may rely on a PSI in making a sexual predator determination. Statev. Cook (1998), 83 Ohio St.3d 404, 425. In addition to admitting the PSI, the trial court permitted oral argument by both the prosecutor and defense counsel.
 {¶ 8} The prosecutor argued that appellant's age, the victim's age, the demonstrated pattern of sexual abuse, appellant's abuse of his position of trust over the victim, and the fact that appellant terminated the abuse only after being caught by his wife and removed from the home, constituted clear and convincing evidence upon which the trial court should designate appellant a sexual predator. Defense counsel, on the other hand, identified factors that he claimed weighed against classification of appellant as a sexual predator, including appellant's lack of a prior felony record, lack of prior allegations of sexual misconduct, and the absence of evidence of mental illness or disability. Defense counsel also pointed to the facts that appellant's offenses involved only one victim, did not involve the use of alcohol or drugs to impair the victim, and did not involve cruelty or threats of cruelty beyond the offenses themselves.
 {¶ 9} After hearing the arguments of counsel, the trial court stated: "The Court has reviewed the [PSI] and arguments of counsel, and there [are] certain things the Court has to look at before determining classification." (Tr. at 10.) The court then proceeded to consider the factors enumerated in R.C.2950.09(B)(3). In particular, the court noted appellant's age and the victim's age. (Tr. at 10.) The court noted that appellant had no prior criminal record of sex offenses, but had a "prior record of alcohol abuse," including three convictions for driving under the influence of alcohol. (Tr. at 10.) The court noted that appellant did not use drugs or alcohol to impair his single victim and did not display cruelty other than the acts themselves, but also noted that appellant's offenses were part of a demonstrated pattern of abuse. Moreover, the court stated that appellant preyed on a person over whom he had control, as a parental figure. After considering such factors, the court stated:
The Court doesn't have to find everything in section2950.09(B)(3), but it finds sufficient — of all of those things I have to consider, sufficient evidence that the defendant is likely to recidivate. * * *
(Tr. at 12.) Accordingly, the trial court declared appellant a sexual predator. Upon review of the PSI and the transcript of appellant's sexual predator hearing, we conclude that the trial court properly considered all of the factors enumerated in R.C.2950.09(B)(3) and had before it clear and convincing evidence that appellant is likely to commit a sexually oriented offense in the future.
 {¶ 10} The trial court first considered the age of both appellant and the victim. Appellant, who was 34 years old at the time of the offenses, argued that the lack of any allegations of sexual misconduct in his past negated the relevance of his age to a determination of his risk of committing a future sexual offense. We disagree. See Brooks at ¶ 15 (recognizing that the defendant, who had been convicted of rape, was in his thirties and "should have matured to the point of knowing the wrongfulness of his conduct"); Poole at ¶ 14. With respect to the trial court's consideration of the victim's age, 13 at the time of appellant's offenses, we have repeatedly recognized that the age of a child victim is relevant to the defendant's risk of future offenses. See State v. McComas, Franklin App. No. 05AP-134,2006-Ohio-380, at ¶ 13; State v. Gardner (Nov. 16, 2000), Franklin App. No. 00AP-93; State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597; State v. Grau (Dec. 28, 1999), Franklin App. No. 99AP-433. A victim's age "`is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct.'"State v. Copley, Franklin App. No. 04AP-1128, 2006-Ohio-2737, at ¶ 40, quoting State v. Jones (July 23, 2001), Stark App. No. 2000CA00350. Additionally, "Ohio courts have acknowledged the high potential of recidivism among sex offenders whose crimes involve the exploitation of children." State v. Sharp, Franklin App. No. 05AP-809, 2006-Ohio-3448, at ¶ 12. We vehemently reject appellant's contention that, because the victim here was a young teenager, her age was not so young to warrant weight in the determination of appellant's status as a sexual predator.
 {¶ 11} In addition to the ages of appellant and the victim, the trial court relied on the fact that appellant's offenses were part of a demonstrated pattern of abuse lasting five months. The victim told authorities of multiple instances of sexual abuse by appellant between October 2002 and February 2003. In his statement, related in the PSI, appellant initially denied any wrongdoing, but subsequently admitted to numerous sexual acts with his stepdaughter. Appellant's pattern of abuse ended only when appellant's wife caught him masturbating in the victim's bedroom and removed appellant from the house. The record clearly supports the trial court's conclusion that the nature of appellant's sexual conduct and sexual contact with the victim was part of a demonstrated pattern of abuse. Although appellant argued that his actions constitute a single incident rather than a pattern of abuse, we reject appellant's argument. Unlike the facts of State v. Knopp, Wood App. No. WD-04-024,2005-Ohio-3358, upon which appellant relies, appellant's abuse of the victim was not confined to a single day. In Knopp, the victim was repeatedly raped after being pulled into a truck while walking along the roadside. Here, appellant's abuse of the victim stretched over several months and involved multiple incidents. This court has upheld sexual predator determinations when the facts demonstrate repeated occasions of abuse with a single victim. State v. Messer, Franklin App. No. 03AP-169,2004-Ohio-2127, at ¶ 17, citing King.
 {¶ 12} The trial court also relied on the relationship between appellant and the victim, concluding that appellant preyed on a person over whom he occupied a position of control. Appellant had been married to the victim's mother since 1992, and he had raised the victim, whose biological father was unknown to her. As the victim's stepfather for ten years, appellant occupied a position of trust over the victim. See Copley, at ¶ 38 (appellant's engagement to the victim's grandmother placed him in a position of trust and authority over the victim); Sharp at ¶ 12 (considering the fact that the appellant occupied a position of trust over the victims, his adopted daughters).
 {¶ 13} Taking advantage of a position of trust over a victim is an appropriate factor in support of the trial court's sexual predator determination. Sharp at ¶ 12; Messer at ¶ 17; Statev. Carter (Aug. 9, 2001), Franklin App. No. 00AP-1365. We recently affirmed a sexual predator classification where the defendant sexually molested his six-year-old cousin and agreed with the trial court's assessment that the defendant's willingness to victimize a member of his family was a "telling sign of defendant's likelihood to re-offend." McComas at ¶ 13. Here, appellant's abuse of his position of trust and willingness to victimize the stepdaughter he raised, constitutes clear and convincing evidence of appellant's likelihood of re-offending.
 {¶ 14} Lastly, the trial court considered appellant's criminal record, consisting of two O.M.V.I. convictions and one D.U.I. conviction, and appellant's alcohol use. With respect to appellant's alcohol use and alcohol-related convictions, the trial court stated:
The offender's prior criminal record — let me just say this. Where there is no prior criminal record of the sex offenses, the thing that concerns the Court is the defendant's prior record of alcohol abuse, OMVI in '89, OMVI in '90, and DUI in '04. The defendant seems to have — a normal person, a normal drinker doesn't have these prior drinking convictions. The national statistics show that a person that's convicted the first time operating a motor vehicle while under the influence probably has driven a car under the influence about 400 times before they are actually stopped and convicted. Why do I say that? A person that had serious mental problems and serious addiction problems, that would lead to some type of treatment. In other words, most people that — I'm not saying that most people who are alcoholics are sexual abusers. That's — certainly, you have a tendency to do that, if you have a mindset to abuse people sexually, the alcohol adds to and contributes to the likelihood of recidivating over and over again, if you are not dealing with your disease. I think the prior record figures into his likelihood of recidivism. * * *
In the terms of his disability, mental illness, if you want to say mental disease, alcoholism is a mental disease.
(Tr. at 10-12.) Appellant contends that the trial court erred by assigning considerable weight to his traffic record.
 {¶ 15} Appellant argues that the trial court inferred, based solely on his alcohol-related convictions and statistical data, that appellant drank to excess and further argues that his alcohol abuse is not relevant to his disposition to re-offend. We disagree. As reported in the PSI, appellant admitted his alcohol addiction, reporting frequent use of alcohol, usually leading to intoxication. Appellant also reported that he was using alcohol during some of his abuse of the victim. Further, appellant's February 28, 2006 sentencing memorandum in the trial court stated:
* * * [Appellant] started to use alcohol at the age of sixteen (16), and has been battling its addiction ever since. While still a teenager, he soon began regularly using alcohol in excessive amounts. [Appellant] has since been an alcoholic for nearlytwenty (20) years, and has previously sought alcohol treatment on his own. Unfortunately, he has had little success with alcohol treatment, and continues to abuse alcohol to this day. His addiction has cost him several OVI convictions spread over the past twenty (20) years. More importantly, though, it has caused him to alienate his loved ones and facilitated his disgraceful actions in this case that hurt his former step-daughter. Certainly not as an excuse, but rather in order to put these crimes in context; [appellant] was under the influence of alcohol when he committed the offenses in this case. * * *
(Emphasis sic.) Certainly, given appellant's statements in the PSI and in his sentencing memorandum, the court could conclude that appellant abused alcohol without resorting to reliance on statistical data and appellant's alcohol-related convictions.
 {¶ 16} In addition to arguing that the trial court improperly inferred that he was an alcoholic, appellant also argues that the trial court improperly used his alcohol abuse when considering his tendency to commit future sexually oriented offenses. We disagree. This court has repeatedly stated that evidence of a history of alcohol abuse may be a relevant factor in assessing the danger of recidivism in sexual predator classification determinations. See Gardner; State v. Clary (Oct. 12, 2000), Franklin App. No. 99AP-1465 ("[m]ore generally, the defendant's substance abuse is also a relevant factor in assessing his danger of recidivism"). Given appellant's statements of his long history of alcohol abuse, failed attempts with alcohol treatment, and that he was using alcohol at the time of the offenses giving rise to this action, the court could consider the evidence of appellant's history of alcohol addiction and abuse as a factor in determining the danger of appellant's recidivism, whether or not it considered appellant's alcohol-related convictions.
 {¶ 17} Having reviewed the entire record, we conclude that the trial court had before it facts that are especially indicative of the likelihood of appellant committing another sexually oriented offense. Such facts include the age of appellant and the victim, appellant's abuse of his position of trust and control over the victim, appellant's demonstrated pattern of abuse, and appellant's long history of alcohol abuse. We also conclude that the evidence was sufficient for a rational trier of fact to find that the state met its burden of proving with clear and convincing evidence that defendant is a sexual predator. Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and SADLER, JJ., concur.