OPINION
{¶ 1} This is an appeal by defendant-appellant, James Norris, from a judgment of the Franklin County Court of Common Pleas, sentencing appellant following his guilty plea to attempted rape, and finding him to be a "sexual predator" as defined under R.C. Chapter 2950.
 {¶ 2} On July 25, 2005, appellant was indicted on one count of kidnapping, in violation of R.C. 2905.01, one count of attempted rape, in violation of R.C. 2923.02 and 2907.02, and one count of tampering with evidence, in violation of R.C. 2921.12. On February 24, 2006, appellant entered a plea of not guilty. *Page 2 
 {¶ 3} At a hearing conducted by the trial court on June 28, 2006, appellant withdrew his previously entered plea of not guilty and entered a guilty plea to one count of attempted rape. At that hearing, the court also made a finding that the state had proven, by clear and convincing evidence, that appellant was a sexual predator.
 {¶ 4} By judgment entry filed on July 7, 2006, the trial court sentenced appellant to a six-year determinate sentence on the attempted rape charge. The court also imposed a mandatory period of post-release control of five years.
 {¶ 5} On appeal, appellant sets forth the following single assignment of error for this court's review:
 The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence.
 {¶ 6} The sole issue raised by appellant on appeal is whether there was sufficient evidence to support the trial court's finding that appellant was a "sexual predator." Appellant maintains that the state failed to meet its burden of proving, by clear and convincing evidence, the statutory factors.
 {¶ 7} R.C. 2950.01(E) defines a "sexual predator" to include a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth a non-exhaustive list of factors for a court to consider in making a determination of whether an offender is a sexual predator, and states in relevant part:
 * * * [T]he judge shall consider all relevant factors, including, but not limited to, all of the following:
 (a) The offender's * * * age; *Page 3 
 (b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender * * *;
 (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct.
 {¶ 8} This court has previously noted that "the factors set forth in R.C. 2950.09(B)(3) are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." State v. Poole, Franklin App. No. 05AP-212, 2005-Ohio-5925, at ¶ 7. Further, "[t]he factors are not judged on a quantitative basis, but rather on a qualitative basis," and *Page 4 
a trial court "may place as much or as little weight on any of the factors as it deems relevant." Id. Finally, " `[e]ven one or two statutory factors will suffice as long as the evidence of likely recidivism is clear and convincing.' " Id., quoting State v.Brooks, Franklin App. No. 02AP-925, 2003-Ohio-2192.
 {¶ 9} At the sexual predator hearing, the state noted that appellant had a prior criminal record consisting of convictions for presenting false information, tampering, forgery, and felonious assault. In making its determination that the state had proven, by clear and convincing evidence, that appellant was a sexual predator, the trial court noted that appellant was 29 years of age, and that the victim was 21 years old. The court further noted that the attack was unprovoked and that appellant did not know the victim; rather, appellant observed the victim in a bar and then followed her for two blocks, knocked her to the ground, and attempted to rape her. Appellant was wearing a condom at the time, and the court noted that "this was a preplanned situation," and that appellant "was contemplating the rape before he saw the victim." (Tr. at 14.)
 {¶ 10} In the present case, appellant was 29 years of age, presumably old enough to have "matured to the point of knowing the wrongfulness of his conduct." Brooks, supra, at ¶ 15. Appellant displayed cruelty during the incident, punching the victim in the face, knocking her to the ground, and ordering her to shut up. In considering whether appellant was likely to re-offend, the trial court found significant the fact that the victim was a stranger, that appellant had apparently observed the victim in a bar, and that he followed her for approximately two blocks at the time he attacked her. We agree that such facts are relevant as to a determination whether an offender is likely to re-offend. SeePoole, supra, at ¶ 14 (level of cruelty displayed by defendant, as well as random act perpetrated against stranger in the restroom of a building, supported finding that *Page 5 
defendant was a sexual predator); State v. Belton (Apr. 16, 2002), Franklin App. No. 01AP-980 (cold calculation with which defendant chose victim virtually at random "is stereotypical predatory action").
 {¶ 11} Also relevant was the fact appellant committed the act in a public place, "waiting for the victim" and putting himself "at considerable risk knowing that other people were in the vicinity, thus demonstrating an inability to control his behavior and impulses."State v. Medina, Lake App. No. 2005-L-204, 2006-Ohio-5828, at ¶ 23. The trial court also found significant, and we agree, the fact appellant was wearing a condom, thus indicating a pre-planned attack. SeePoole, supra, at ¶ 15 (following attack, defendant wiped area with toilet paper in an attempt to remove evidence, "thus indicating that he was fully aware of his actions and the consequences of them"). Finally, the facts of this case indicate that, although appellant did not have a prior sexual offense, he had a prior felony record (tampering, forgery, and felonious assault).
 {¶ 12} Upon review of the record, we conclude the state presented sufficient evidence for the trial court to have determined, under the clear and convincing standard, that appellant was likely to engage in future sexually oriented offenses.
 {¶ 13} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 SADLER, P.J., and PETREE, J., concurs. *Page 1